## James M. Keck, Appellee, v. Calumet and South Chicago Railway Company, Appellant.

### Gen. No. 15,018.

NEGLIGENCE—*what essential to recover for personal injuries alleged to have been occasioned by.* In order to recover for personal injuries alleged to have been occasioned by the defendant's negligence, the plaintiff must show by a preponderance of the evidence that the defendant's negligence in fact caused such injuries and that there was no negligence on his part which contributed to causing the same.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed June 28, 1910. Rehearing denied July 12, 1910.

SHOPE, ZANE, BUSBY & WEBER, for appellant.

MARVIN E. BARNHART, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Keck, the plaintiff, recovered a judgment in the Circuit Court against the defendant for a personal injury by a street car. The case is here upon the appeal of the defendant. The principal question is whether any negligence of the defendant caused the injury. If plaintiff has not shown, by a preponderance of the evidence, that the defendant's negligence caused the injury and that there was no negligence on his part which contributed to cause the injury the judgment must be reversed.

Plaintiff was injured on September 5, 1904, Labor Day, about noon, by a trailer car attached to a motor car. He was a passenger upon the latter car going north on Commercial avenue. At the time he was injured plaintiff was a carpenter and lived at No. 8106 Escanaba avenue, which is a street one block west of Commercial avenue. His home was seventy-five feet south of Eighty-first street. The accident

occurred on Commercial avenue south of the latter street. When he testified, July 10, 1908, he was 49 years of age. The street next south of Eighty-first street is Eighty-first place, which is a short block or about half a block south of Eighty-first street. The motor car upon which plaintiff was a passenger had a brass handhold or handrail at about the height of a man's hip, when standing, which ran from the edge of the door to a point close to the corner of the car where it curved and ran down a distance of twelve or fourteen inches. The car was a short closed car.

Plaintiff testified that when passing Eighty-first place he stepped out from the car, wherein he had been sitting, upon the rear platform and informed the conductor that he desired to get off at Eighty-first street, whereupon the conductor rang the bell for the car to stop; that when plaintiff stepped out the conductor stood "alongside" and to the east of the door on the platform and plaintiff "just kind of reached around behind him and took hold of the handhold". at about the middle thereof, between the door and the corner of the car, and stood there *until the car slacked up for him to get off;* that the conductor changed his position so that he stood "very near in front of the door" facing into the car and plaintiff "moved back" and slid his hand upon the handhold closer to the door so that his hand came near the "back end" of the handhold; that then the conductor "kind of swung around" and rang the bell a second time, for somebody else to get off at Eighty-first street, and that in ringing the bell this second time the conductor gave plaintiff a push or a shove which felt as if the conductor's whole body came against him and which knocked him off his balance and knocked him down; that the shove was so strong that, with plaintiff's weight upon the handhold, he felt the handhold give way and pull out two or three inches and then he "grabbed" for the lower part of it but missed it and struck the ground; that in the "bound" his left foot "flew around" and got under the wheels of the trailer car and was so injured that subsequently it was amputated; that the car was in the act of slackening up when he fell; that his destination at the time was his home;

and that the north-bound cars always stopped north of the street intersection at Eighty-first street and if he had stayed on the motor car until it stopped it would have gone some distance north of Eighty-first street, for the trailer car is brought up to about the cross-walk for a stop.

A witness, Staneff, was called on behalf of plaintiff. Staneff testified that he came out from the car upon the platform first and plaintiff followed him; that he saw plaintiff come out of the door of the car and the conductor "seemed to make room for him" and he passed between the frame of the car and the conductor and "stood on this step;" that he, the witness, while talking with some men, indicated to the conductor his wish to get off at the next street and the conductor raised his hand, "took the cord and rang the bell, and in ringing he touched with his hand" the plaintiff "and he fell overboard and that is all I saw;" that plaintiff, at the time, had hold of the handhold with his left hand; that the handhold was not tight but was shaky and that one screw, holding it on at the end toward the door, was missing. On his cross-examination Staneff testified that in ringing the bell the conductor gave plaintiff a slight touch with his elbow; that he did not see the conductor shove plaintiff with his body; that the loose screw was in the end of the handhold next to the door; that he did not know how much play or looseness there was in the handhold but that it had not pulled loose or given away from the car and that all he observed was that the screw was loose to some extent and gave a little leeway.

At the time of the accident there were upon the rear platform two passengers besides the conductor, the plaintiff and Staneff. From the evidence of these two passengers, the conductor and others who testified on behalf of defendant, some of whom had examined the handhold, it is clear to us that at the time in question the handhold was not loose or shaky but was perfectly tight; that the conductor stood back at the controller of the car and did not in anywise touch, push or shove the plaintiff but that, at the time he fell, plaintiff stood upon the step of the car and that he either slipped

off and fell or fell by reason of jumping off the car while it was in motion.   At all events we find the evidence to clearly show that plaintiff was not injured by any negligence or wrongful act attributable to the defendant.   The circumstances indicate it to be quite probable that plaintiff, anxious to make a short cut for his home, did not wait for the car to come to a stop, which it would not do until north of the street intersection, but jumped while the car was in motion.

The evidence on behalf of plaintiff, considered alone, is not as consistent and satisfactory as it might be.

The judgment must be reversed and the case will not be remanded.

*Reversed.*